**Rodney McKOWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 34955.**

Missouri Court of Appeals,
Western District.

Oct. 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 27, 1984.

Application to Transfer Denied Jan. 15, 1985.

---

Fred Duchardt, John R. Shank, Public Defender for Seventh Judicial Circuit, Liberty, for appellant.

Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and DIXON and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

Appellant instituted this action under Rule 27.26 to repudiate his prior plea of guilty to the charge of first degree murder and to set aside the judgment of conviction and sentence. Principally relied on by appellant as grounds for relief were the claims that the conviction was fatally defective for want of a preliminary hearing as to the charge of first degree murder and that the plea was involuntary because defense counsel overreached and coerced appellant to forgo a jury trial. Error by the trial court in its rulings on these contentions constitutes the substance of points presented on this appeal.

The facts of the case are of minimum significance in resolution of the appeal. It suffices to say that appellant and one Edgman participated in the robbery of a victim who was thereafter beaten and subsequently died. At no time has there been any question of appellant's participation in the robbery, but it is not entirely clear which of the assailants, appellant, Edgman or both, struck the fatal blows.

Appellant was charged with capital murder and that complaint stood until the day the guilty plea was entered. The prosecutor and defense counsel had discussed a reduction in charge in exchange for a plea and counsel, in turn, relayed these discussions to appellant. The record suggests that throughout a period of some eleven months while awaiting trial, appellant had no expectation of entering a plea and was optimistic as to the results which would follow a jury trial. Defense counsel, to the contrary, was of the opinion that appellant's appraisal of the case was unrealistic.

Trial of the case was scheduled for October 6, 1980. During the preceding week,

defense counsel discussed a proposed plea bargain with the prosecutor and with appellant. The agreement was for a plea of guilty to a charge of first degree murder, the benefit to appellant being avoidance of a death sentence or a life sentence without parole for fifty years. In the course of discussions with appellant, counsel displayed photographs of the crime scene and informed appellant that workers at the TWA plant in Platte County had wagered on the trial outcome with odds favoring imposition of the death penalty. The attorney encouraged appellant to accept the plea agreement and appellant acceded. The plea was entered October 1, 1980.

As to the first point, the failure to provide appellant a preliminary hearing, the subject impinges upon one which has provoked controversy within the Missouri Supreme Court since 1982, that is, whether first degree murder is a lesser included offense within a charge of capital murder. The issue arises in this case because on the day of the plea hearing, the state purported to reduce the charge against appellant by amending the original information from the charge of capital murder to first degree murder. No formality, as would be jurisdictionally requisite in the case of a new charge, accompanied the amendment and appellant was not provided a preliminary hearing and did not expressly waive that right.

■ In *State v. Gladies*, 456 S.W.2d 23 (Mo.1970), the defendant was charged by information with assault with intent to rape. The prosecutor undertook to amend the information by adding the words, "with malice aforethought." Different statutes proscribe the respective acts. The court held the purported amendment and subsequent proceedings to be a nullity because an amendment may not be made to alter an information so that the amended charge is distinct and different from the original charge. So, also, in *State v. Couch*, 523 S.W.2d 612 (Mo.App.1975) was it held that § 545.300, RSMo 1978 and then Rule 24.02, now Rule 23.08, prohibit amendment of an information to charge another offense. If

capital murder and first degree murder are distinct and different offenses, then the amended information, on which appellant's plea in this case was based, was a nullity as were the judgment and sentence which followed. A judgment rendered on an amended information charging a different offense is a nullity because the impermissible amendment rises to a denial of due process of law. *State v. Amerson*, 661 S.W.2d 852 (Mo.App.1983) citing *State v. Burnside*, 527 S.W.2d 22 (Mo.App.1975).

■ On the theory that a lesser included offense is not a different offense, an information may be amended to reduce a charge because the amendment is conceptually within the scope of the original complaint and preliminary processes. *State v. Gladies, supra, State v. Couch, supra, State v. Amerson, supra.* Thus, the question in this case, as to appellant's first point, is whether first degree murder is a lesser included offense of capital murder. If it is, then the amended information was permissible and the judgment of conviction is not vulnerable for failure of the state to proceed against appellant as on a new charge.

The offense in this case was committed on July 20, 1979 and the plea proceedings were conducted on October 1, 1980. The penalty and offense statutes applicable were therefore those of the new criminal code which became effective on January 1, 1979. At the time appellant entered his plea, the controlling case law appeared to be that exemplified by *State v. Daugherty*, 631 S.W.2d 637 (Mo.1982) which held that first degree murder was a lesser included offense of capital murder. Thereafter, however, the court decided *State v. Baker*, 636 S.W.2d 902 (Mo. banc 1982), *cert. denied*, 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983). That case held that the prior cases ruling offenses under the 1979 homicide statutes were in error because those cases had relied on previous but inapplicable statutes. *Baker* held first degree murder not to be a lesser included offense of capital murder under § 556.046, RSMo 1978.

Under the authority of *Baker*, appellant's contention here would be sound and the information which first charged capital murder could not be amended down to charge first degree murder. *Baker*, however, was not the last word on the subject. The court next considered the question in *State v. Goddard*, 649 S.W.2d 882 (Mo. banc 1983). There the court ruled that the decision in *Baker* was not retroactive but was prospective and had no application to Goddard's trial which was conducted August 31, 1981. The point was significant to Goddard because he was charged with capital murder but was convicted of first degree murder on instruction which submitted that offense as a lesser included offense. The *Goddard* rationale was reaffirmed in *State v. Holland*, 653 S.W.2d 670 (Mo. banc), *cert. denied*, —— U.S. ——, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983).

■ Whatever may be the merits of the respective contentions on the subject,[1] the express pronouncement and controlling decision of the Missouri Supreme Court gives the *Baker* decision prospective application only and we are obligated to follow that authority. Appellant's case tried before *Baker* is not to be decided under the *Baker* rule, but by the prior law. As the decided cases before *Baker* construed the law, first degree murder is a lesser included offense of capital murder under the 1979 code and the amendment of the information here was permissible under Rule 23.08.

■ In his second point, appellant contends that his plea was involuntary and was the product of the duress and coercion of his attorney. The supporting facts are those which were described earlier. The evidence was generally not in conflict, the sole question being whether the conduct of defense counsel amounted to coercion. The trial court ruled that it did not and substantial evidence supports that conclusion.

A reasonable survey of the situation shows that as trial approached, defense counsel was concerned that appellant was facing a possible death sentence but had not realistically faced the prospect. Discussion with appellant as to the wagering among TWA employees was calculated to convey to appellant the actual circumstance of community hostility aroused by the crime. The display of prospective photographic evidence obtained from the state was intended to give appellant some advance idea of what the prosecution would offer and what a jury would see. These were important facts of which appellant needed to be aware and it was the attorney's obligation to alert appellant to the potential risk. *Wright v. State*, 549 S.W.2d 554 (Mo.App.1977).

Defense counsel, by his testimony at the motion hearing, established that he was fully prepared to try appellant's case and no evidence contains any suggestion to the contrary. It was the attorney's opinion that the plea to the reduced charge was in appellant's best interest. We find no evidence that the attorney's advice exceeded that which it was his duty to supply or that any fear or apprehension entertained by appellant was other than that properly a consequence of the seriousness of the crime and the likelihood of conviction. This is not a case in which, as in appellant's cited case of *State v. Williams*, 361 S.W.2d 772 (Mo. banc 1962), the defendant has been misled and the misapprehension has caused a plea of guilty to be entered. The trial court found appellant's plea to have been knowing and voluntary and his counsel's representation to be effective. We agree.

The judgment is affirmed.

All concur.

---

1. *See* the dissenting opinion of Welliver, J., *State v. Holland*, 653 S.W.2d 670, 679 (Mo. banc), *cert. denied* 104 S.Ct. 495 (1983). No attempt is made here to deal with the problem noted by Rendlen, C.J. as to what retrospective effect should be given *Baker* where the issue is whether or not the evidence supports the first degree murder instruction. That question is not posed here.