**Cecil BROWN, Appellant,**

v.

**AMERISTAR CASINO KANSAS CITY, INC., and Division of Employment Security, Respondents.**

**No. WD 66679.**

Missouri Court of Appeals, Western District.

Jan. 9, 2007.

Cecil Brown, Grandview, Grandview, pro se.

Tedrick Addison Housh III, Kansas City, Cynthia Ann Quetsch, Jefferson City, for Respondent.

Before RONALD R. HOLLIGER, Presiding Judge, PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge.

PAUL M. SPINDEN, Judge.

Cecil Brown appeals the Labor and Industrial Relations Commission's decision that he is not eligible for unemployment benefits because he voluntarily quit his job at Ameristar Casino Kansas City, Inc., without good cause attributable to his work or to his employer. Because of the woeful inadequacies of Brown's brief, we dismiss his appeal.

Brown appears *pro se*. Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo. App.2000). Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.

1999). This is especially true when, as is the situation in this case, "we cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the [circuit] court's finding and then refining and supplementing his points and legal argument." *In re Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo.App.2004). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mutual Insurance Company,* 146 S.W.3d 456, 458 (Mo.App.2004).

Brown's brief flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. His violations of Rule 84.04 range from relatively minor to egregious. "The failure to substantially comply with Rule 84.04 preserves nothing for review." *Anderson v. American Family Mutual Insurance Company,* 173 S.W.3d 356, 357 (Mo.App. 2005).

Rule 84.04(a)(1) requires an appellant's brief to have "a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited[.]" Brown's brief contains no such table. *See Shumpert,* 144 S.W.3d at 319; *Chang v. Lundry,* 117 S.W.3d 161, 164 (Mo.App.2003).

Rule 84.04(a)(2) requires an appellant's brief to contain a jurisdictional statement. *See also* Rule 84.04(b). Brown's brief contains no such statement. "A deficient jurisdictional statement merits dismissing an appeal." *Anderson v. American Family Mutual Insurance Company,* 173 S.W.3d 356, 357 (Mo.App.2005).

Rule 84.04(a)(3) requires an appellant's brief to contain a statement of facts. Although Brown attempts to set forth some facts, he does not provide a fair and concise statement of the facts. Rule 84.04(c) requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Missouri Highway and Transportation Commission v. Taylor,* 839 S.W.2d 676, 678 (Mo.App.1992). Moreover, Rule 84.04(i) requires, "All statements of fact and argument shall have specific page references to the legal file or transcript." Brown's brief contains no citations to the record. "An argument that violates Rule 84.04(i) wholly fails to preserve any error for review." *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 165 (Mo.App.2002).

Rule 84.04(d) requires that an appellant's brief have points relied on that contain "(1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the trial court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *Zakibe v. Ahrens and McCarron, Inc.,* 28 S.W.3d 373, 388 (Mo.App.2000). Brown's brief contains no points relied on. Moreover, Rule 84.04(d)(5) requires that each point relied on be followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Brown's brief contains no list of authorities on which he relies. "The requirements of Rule 84.04(d) are mandatory and must be strictly applied." *Martin v. Circuit Court of the City of St. Louis,* 580 S.W.2d 307, 308 (Mo.App.1978) (citation omitted).

Rule 84.04(e) requires an appellant's brief to contain an argument section that discusses the point relied on. "An argument should show how the princi-

ples of law and the facts of the case interact." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App.1999). An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). When "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App.1999). Brown's brief contains no citations of relevant precedent or other authority. When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned. *Cooper*, 78 S.W.3d at 164. Moreover, Rule 84.04(e) requires an argument to contain a statement of the applicable standard of review for each claim of error. Brown's brief contains no such statement.

Given Brown's failure to substantially comply with Rule 84.04, we dismiss his appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because Brown's brief is so flagrantly deficient that we are not able to conduct a review of his case without becoming an advocate for him.

RONALD R. HOLLIGER, Presiding Judge, and LISA WHITE HARDWICK, concur.