**Erin LUEKER, Appellant,**

v.

**MISSOURI WESTERN STATE UNIVERSITY, et al., Respondents.**

No. WD 67501.

Missouri Court of Appeals, Western District.

Jan. 2, 2008.

Jeffrey K. Suess, Heather J. Hays, Co-Counsel, St. Louis, for Respondents.

D. Todd Mathews, St. Louis, for Appellant.

Before HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.[1]

VICTOR C. HOWARD, Chief Judge.

Erin Lueker appeals the summary judgments of the trial court in favor of Board of Regents of Missouri Western State University and Sports Leisure Entertainment RPG d/b/a Tom Smith Basketball Camp. She also appeals the judgment of the trial court dismissing with prejudice her action against Tom Smith. Because of her failure to comply with the briefing requirements of Rule 84.04, the appeal is dismissed.

Ms. Lueker's first amended petition sought compensatory damages from the defendants under several theories: negligent supervision, negligence, respondeat superior, res ipsa loquitur, and premises liability. She alleged that she sustained permanent personal injuries while attending a basketball camp on the campus of Missouri Western State University in St. Joseph in June 2000. Under her various theories for recovery, Ms. Lueker claimed that the defendants were negligent in the conduct of the camp. The trial court entered summary judgments in favor of the Board of Regents and Sports Leisure and

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

dismissed with prejudice the claim against Tom Smith. This appeal by Ms. Lueker followed.

Ms. Lueker, through counsel, attempted to file her first brief on appeal on April 10, 2007. The brief was struck because it lacked a jurisdictional statement in violation of Rule 84.04(b); it lacked a statement of facts in violation of Rule 84.04(c); the points relied on did not comply with the specific requirements of Rule 84.04(d) and did not include a list of cases or other authority upon which Ms. Lueker relied in violation of Rule 84.04(d)(5); and the argument did not include a concise statement of the applicable standard of review for each claim of error in violation of Rule 84.04(e). Ms. Lueker filed her amended brief on April 27, 2007. This brief also fails to substantially comply with Rule 84.04.

 The adversarial process clearly defines and distinguishes the roles of advocates and judges. *Kimble v. Muth*, 221 S.W.3d 419, 421 (Mo.App. W.D.2006). Judges must not be advocates but instead must be free to impartially evaluate the arguments of the parties. *Id.* Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D.2007). Compliance with the rule also provides the reviewing court with a more complete understanding of the relevant issues and allows the opposing party to develop counter arguments. *Kimble*, 221 S.W.3d at 421 (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Enforcement of the briefing requirements reduces instances where the court is required to create precedent based upon incomplete and unsupported arguments. *Id.* at 422.

 An appellate court prefers to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief. *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 308 (Mo.App. W.D.2004). However, "[i]n some cases, a brief may be so deficient that it precludes appellate review." *Id.* at 305. Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal. *Brown*, 211 S.W.3d at 146–47.

 Ms. Lueker's brief is deficient in several respects. First, her points relied on violate Rule 84.04(d). Rule 84.04(d) requires each point to "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The rule mandates that the point shall be in substantially the following form:

> The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].

Rule 84.04(d). The objective of the rule is to give notice to the opponent and the court of the precise matters to be contended with, answered, and resolved. *Thummel*, 570 S.W.2d at 686.

Ms. Lueker's first point reads:

> Did the trial court error in ruling that Sports, Leisure & Entertainment, RPG d/b/a Tom Smith Basketball Camps was not a proper entity to be sued?

The point does not identify the challenged trial court ruling, state the legal reason for the claim of reversible error, or explain

why, in the context of the case, the legal reasons support the claim of reversible error. Her second and third points are equally deficient. " 'The requirements of Rule 84.04(d) are mandatory and must be strictly applied.' " *Brown*, 211 S.W.3d at 147 (citation omitted). Failure to follow the requirements preserves nothing for review. *Selberg v. Selberg*, 201 S.W.3d 513, 515 (Mo.App. W.D.2006).

 Second, point two of Ms. Lueker's brief violates Rule 84.04(e). The rule requires the appellant's brief to contain an argument that discusses the point relied on. *Brown*, 211 S.W.3d at 147. " 'An argument should show how the principles of law and the facts of the case interact.' " *Id.* at 147–48 (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App. S.D. 1999)). An appellant has the obligation to cite appropriate and available precedent or explain why such authority is not available if she expects to prevail. *Id.* at 148 (citing *Thummel*, 570 S.W.2d at 687). Besides the standard of review, Ms. Lueker fails to cite appropriate precedent or explain why none is available in her second point. A deficient argument is grounds for dismissal. *Kimble*, 221 S.W.3d at 423.

Next, Ms. Lueker's brief violates Rule 84.04(i). Rule 84.04(i) provides, "All statements of fact and argument shall have specific page references to the legal file or the transcript." This requirement is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record. *Selberg*, 201 S.W.3d at 515. To do so would effectively require the court to act as an advocate for the non-complying party. *Id.* Ms. Lueker's entire statement of facts as well as most of her argument lack citation to the record.

Finally, Ms. Lueker's brief violates Rule 84.04(h)(1) governing the appendix. The rule provides that a party's brief shall contain an appendix containing the judgment, order, or decision in question. Rule 84.04(h)(1). Ms. Lueker does not include the judgment from which she appeals in her appendix.

For all of the foregoing reasons, Ms. Lueker's brief does not substantially comply with Rule 84.04 thus preserving nothing for review. The appeal is, therefore, dismissed.

BRECKENRIDGE and ELLIS, JJ., concur.