Russell **RAINEY**, Appellant,

v.

**SSPS, INC. and Division of Employment Security,** Respondents.

**No. WD 68490.**

Missouri Court of Appeals, Western District.

July 29, 2008.

Russell Rainey, Independence, MO, pro se.

Shelly A. Kintzel, Esq., Jefferson City, for respondent.

Before THOMAS H. NEWTON, C.J., LISA W. HARDWICK and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant Russell Rainey appeals from a final order of the Labor and Industrial Relations Commission. The Commission's order affirmed a decision of the Division of Employment Security's Appeals Tribunal denying Rainey unemployment compensation benefits. We dismiss the appeal.

Rainey proceeds in this Court *pro se*. Despite that fact, he is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs. *Sy v. Sow*, 258 S.W.3d 840 (Mo.App. W.D., 2008), citing *C.C.J.K. ex*

*rel. Kercher v. Jackson,* 11 S.W.3d 110, 111 (Mo.App. W.D.2000).

■ In an order entered November 27, 2007, this Court struck Rainey's original Appellant's Brief for multiple violations of Rule 84.04, including the lack of a Statement of Facts supported by appropriate record citations and the lack of record citations in the Argument section of his brief (in violation of Rule 84.04(i)). The Amended Brief Rainey filed does not correct these deficiencies: it still contains no citations to the record to support the factual assertions he makes, either in the Statement of Facts or Argument; and the brief contains no citation to statutes, caselaw, or other authority to support his statement of the governing standard of review, or his legal arguments.[1] The Statement of Facts is improperly argumentative. The Amended Brief's appendix fails to comply with Rule 84.04(h)(1), since it does not include the decision from which Rainey appeals but, instead, appears to contain extra-record materials which this Court may not consider. The lack of *any* citation to the record in the entirety of Rainey's Amended Brief is particularly problematic, given that his main complaint appears to be that the underlying determination that he was discharged for misconduct is not supported by competent and substantial evidence.

■ Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations "is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868

(Mo.App. W.D.2008). Further, "[a]n appellant has the obligation to cite appropriate and available precedent or explain why such authority is not available if she expects to prevail." *Id.* We have dismissed appeals based on similarly flagrant violations of the briefing requirements on countless prior occasions. In addition to *Sy* and *Lueker,* recent examples include, *e.g., Waller v. Shippey,* 251 S.W.3d 403, 405–06 (Mo.App. W.D.2008), and *Powell v. Powell,* 250 S.W.3d 831, 832 (Mo.App. W.D.2008) (also involving a *pro se* appellant).

■ While "[i]t is never this court's preference to dismiss an appeal without reaching the merits," enforcing compliance with Rule 84.04 "serves several important functions." *Waller,* 251 S.W.3d at 406–07. Among other things, insisting on briefing which is at least minimally compliant with the rules assures that the Court does not assume the role of advocate for a party by attempting to develop an appellate argument the party has failed to set forth itself; it also guards against the issuance of precedential decisions on issues which were not subject to a full adversarial presentation. *Id.* at 407; *see also Lueker,* 241 S.W.3d at 867. When—as here—"a brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument, we cannot reach the merits." *Kimble v. Muth,* 221 S.W.3d 419, 424 (Mo.App. W.D.2006).

We also note that, even if Rainey had fully complied with Rule 84.04, his Amended Brief fails to make any argument which would justify reversal of the Commission's

---

1. In numerous places following the statement of a legal proposition, Rainey's Amended Brief refers to "Russell A. Rainey v. Division of Employment Security" and/or to "Russell A. Rainey v. Sunset Security [the employer by whom he was terminated]," with no further citation. These appear to be references to this very proceeding; a computer search failed to reveal any federal or state court decision by these names which could conceivably constitute authority for Rainey's arguments.

final order. Rainey's claim for unemployment compensation benefits was denied on February 20, 2007, by a deputy within the Division of Employment Security. A notice of the deputy's determination was mailed to Rainey on that date, and explicitly informed him that, "[i]f you believe this determination is incorrect, you may file an appeal not later than 3/22/07." *See* § 288.070.4, RSMo (requiring filing of appeal "within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party"); § 288.070.8, RSMo (allowing extension of appeal period "for good cause"). Rainey's appeal was not filed, however, until March 27, 2007. The Division of Employment Security's Appeals Tribunal dismissed Rainey's appeal based solely on its untimeliness, and the Commission "adopt[ed] the decision of the Appeals Tribunal as the decision of the Commission in this matter."

■■ " 'This court may not properly address an issue that was not determined by the Commission.' " *Lost in the Fifties, LLC v. Meece,* 71 S.W.3d 273, 280 (Mo. App. S.D.2002) (citation omitted). The only issue that was before the Commission, and the only issue it decided by affirming and adopting the Appeals Tribunal's ruling, was the timeliness of Rainey's appeal under § 288.070.4. That is the only issue that this Court could review in this appeal, and Rainey would only be entitled to relief here if we were to determine that the Commission erroneously dismissed his administrative appeal. Yet Rainey's Amended Brief makes no argument concerning the timeliness of his appeal—indeed, his Amended Brief does not even acknowledge that the untimeliness of his administrative appeal was the basis upon which the Commission denied him benefits.

■ While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling. Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief. *See Waller,* 251 S.W.3d at 406 n. 5 (noting a similar lack of connection between appellant's arguments and the grounds upon which a lower court issued an adverse ruling); *Krause v. Assurant, Inc.,* 158 S.W.3d 329, 332–33 (Mo.App. W.D.2005) (" 'An appellant that does not file a brief on the issues pertaining to its appeal is deemed to have abandoned that appeal.' " (citation omitted)).

■ Because Rainey does not challenge the basis upon which the Commission actually ruled against him, we would be constrained to dismiss his appeal even if he had otherwise complied with the rules governing appellate briefing. Indeed, the other districts of this court have dismissed multiple appeals of unemployment compensation determinations in precisely these circumstances—where a claimant on appeal argued only his or her underlying entitlement to benefits, without challenging the Commission's determination that benefits should be denied based on the untimeliness of an administrative appeal. *See Russell v. LM Servs. Corp.,* 250 S.W.3d 838, 839–40 (Mo.App. E.D.2008); *Chase v. Baumann Prop. Co.,* 169 S.W.3d 891, 892–93 (Mo.App. E.D.2005); *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004).

The appeal is dismissed.

All concur.