**Rodney Lee McKOWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 68212.**

Missouri Court of Appeals,
Western District.

Aug. 19, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 2008.

Rodney Lee McKown, Cameron, MO, pro se.

Jamie P. Rasmussen, Jefferson City, MO, for respondent.

Before: JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

In 1980, Rodney McKown pled guilty to first-degree murder and was sentenced to life in prison. In 1983, Mr. McKown instituted an action to repudiate his prior plea of guilty to first-degree murder and to set aside the conviction and sentence; the motion court denied it. *McKown v. State,* 682 S.W.2d 38, 39 (Mo.App. W.D.1984). On appeal, this court affirmed the motion court's ruling that defense counsel did not improperly coerce defendant into pleading guilty to first-degree murder and foregoing a jury trial. *Id.* at 41. Mr. McKown's requests for parole were denied in 1982, 1984, and 1986. In 1987, he was convicted of attempted possession of a controlled substance in a correctional institution and was sentenced to one year. Subsequently, his requests for parole were denied in 1990 and 1992.

In 1992, Mr. McKown filed a petition for declaratory judgment and injunctive relief alleging that he was entitled to parole after serving twenty-five percent of his sentence and that the parole guidelines under RSMo section 549.261 (1969), in effect when he was sentenced, should be followed rather than the new guidelines created in 1982. *McKown v. Mitchell,* 869 S.W.2d 765, 767 (Mo.App. W.D.1993). The court found that Mr. McKown did not have a protectable liberty interest in parole after serving twenty-five percent of his sentence under the prior guidelines set forth in section 549.261. *Id.* at 769. In early 1993, Mr. McKown was convicted of attempted possession of a prohibited article and was sentenced to two years. Mr. McKown continued to apply for parole; his applications were denied in 1994, 1996, 1998, 2000, and 2003. Since 1994, the parole board has listed Mr. McKown's additional convictions as one of the reasons for the denial.

On December 14, 2006, Mr. McKown filed another petition for declaratory judg-

ment before the circuit court. In his petition, he alleged that he was induced to enter the plea agreement by fraud and erroneous advice and that the agreement should be null and void. The circuit court treated his petition as a successive post-conviction motion and denied it because it was an attempt to reopen issues that could have been adjudicated in his original motion. Mr. McKown appeals.

## Legal Analysis

■ Before addressing the merits of Mr. McKown's claim, we must determine whether the appeal should be dismissed because Mr. McKown's appellate brief has not stated any points relied on and presents a deficient statement of facts. Rule 84.04(a) requires an appellant's brief to contain, *inter alia*, points relied on, an argument for each point, and a statement of facts. The function of the court rule setting forth the requirements for a point relied on " 'is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App. W.D.2000) (quoting *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo. App. W.D.1999)). For similar purposes, Rule 84.04(c) provides that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

■ Although Mr. McKown proceeded with this appeal *pro se*, he is not excused from following the requirements of Rule 84.04. *See State v. Hardin*, 229 S.W.3d 211, 215 (Mo.App. W.D.2007). While the Court of Appeals "is 'mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure,' it 'must require *pro se* appellants to comply with these rules.' " *Id.*

(quoting *Brown v. Ameristar Casino Kansas City, Inc.* 211 S.W.3d 145, 146 (Mo. App. W.D.2007)). Courts " 'must not grant a *pro se* appellant preferential treatment.' " *Id.* (quoting *Brown*, 211 S.W.3d at 146).

■ Mr. McKown's brief does not include points relied on and because of this deficiency we cannot understand Mr. McKown's arguments. Rule 84.04(e) provides that "[t]he argument shall substantially follow the order of 'Points Relied On.' " Mr. McKown's argument in his appellate brief merely cites rules from cases without any clear explanation of how these rules apply to the facts in his case. Therefore, Mr. McKown's "brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that argument, [and] we cannot reach the merits." *Kimble v. Muth*, 221 S.W.3d 419, 424 (Mo.App. W.D.2006).

Besides the failure to include points relied on, Mr. McKown's statement of facts in his appellate brief only states the contents of the legal file and requests judicial notice of the legal file in his original appeal. It states:

The record on appeal consists of the **instant legal file** ("L.F. # 68212", in *McKown v. State*, W.D. 68212); said "Petition For Declaratory Judgment (i.e. Breach of Contract and Memorandum of Law" (# 68212 L.F. pp. 1–44)), and petitioner's "Table of Exhibits" (# 68212 L.F. pp. 45–93), being adopted and incorporated herein, as if restated, and particularly the findings of fact contained in ¶'s: 1–4, and 7–17, respectively. Appellate also request this Court to **take judicial notice** of the **original legal file** ("L.F.", in *McKown v. State*, 682 S.W.2d 38), particularly the "Guilty Plea Transcript, Motion To Vacate ...", and "Amended Motion to Vacate ..." (pp. unknown), collaterally herein.

There is no fair and concise statement of the facts relevant to the questions presented for determination as required in Rule 84.04.

 "Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal." *Brown,* 211 S.W.3d at 146. This is especially true when the appellate court " 'cannot competently rule on the merits of [the] argument without first reconstructing the facts that gave rise to the [trial] court's finding and then refining and supplementing [the] points and legal argument.' " *Id.* at 147 (quoting *In re Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo.App. E.D.2004)). Insisting on briefing that is at least minimally compliant with the rules assures that the court does not assume the role of advocate for a party by attempting to develop an appellate argument the party has failed to set forth itself. *Waller v. Shippey,* 251 S.W.3d 403, 407 (Mo.App. W.D. 2008) (citing *Kimble,* 221 S.W.3d at 424).

### Conclusion

 The failure to substantially comply with the rule governing appellate briefing requirements preserves nothing for review. *Brown,* 211 S.W.3d at 147. We have dismissed appeals based on similarly flagrant violations of the briefing requirements on countless prior occasions. *See e.g. Waller,* 251 S.W.3d at 406–07; *Powell v. Powell,* 250 S.W.3d 831, 832 (Mo.App. W.D.2008); *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D.2008). Mr. McKown's brief fails to comply with several provisions of Rule 84.04. Accordingly, we dismiss his appeal.

JAMES M. SMART, JR., P.J., and RONALD R. HOLLIGER, J., concur.