Jeffrey **IRELAND**, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY**, Respondent.

Nos. **WD 74814, WD 74815, WD 74816.**

Missouri Court of Appeals, Western District.

Jan. 29, 2013.

Jeffrey M. Ireland, Charlotte, NC, appellant, pro se.

Ninion S. Riley Jefferson City, MO, for respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges.

KAREN KING MITCHELL, Presiding Judge.

Jeffrey Ireland appeals a decision of the Labor and Industrial Relations Commission, adopting the finding of the Division of Employment Security, that Ireland's petition for reassessment of a penalty imposed upon him for fraudulently obtaining unemployment benefits was untimely. Due to a multitude of briefing errors in violation of Rule 84.04, we dismiss this appeal.[1]

**Factual Background**

On October 22, 2006, Ireland applied for and began receiving unemployment compensation. During a quarterly benefit audit conducted by the Division in October 2007, the Division learned that Ireland had been underreporting his earnings from Missouri State University, where he was working as an adjunct instructor. Because of the underreporting, Ireland had been overpaid unemployment compensation. And due to the large discrepancy between the earnings reported and the earnings actually obtained,[2] the Division determined that Ireland had filed fraudulent claims for unemployment compensation. Consequently, the Division canceled Ireland's remaining wage credits, and, on December 31, 2007, the Division issued a determination of overpayment in the amount of $5,265.00. Then, on February 19, 2008, the Division, as required by statute, issued a determination that Ireland was to pay a penalty in the amount of $1,316.25 as a result of his filing fraudulent claims. Also due to the fraudulent nature of claims, the Division referred the matter, involving the overpayment amount only, to the Christian County Prosecuting Attorney's office on August 12, 2008. The penalty amount was never part of the criminal case.

Ireland claimed he never received notice of the determinations of overpayment and penalty until after he was charged with a crime sometime in the fall of 2009. Ireland indicated that the earliest he would have seen the determinations would have been in either December 2009 or January 2010. Upon seeing the notices, Ireland chose not to appeal the determinations de-

---

1. All rule references are to the Missouri Supreme Court Rules (2012), unless otherwise noted.

2. During the first few weeks of the reporting period at issue, Ireland reported weekly wages of $80.77, but he was actually earning gross weekly wages of $262.50. During the later weeks of the reporting period at issue, Ireland reported weekly wages of $51.78, but he was, in fact, earning $466.67 in gross weekly wages.

spite his awareness of the appeals provisions included within the notices.

On February 29, 2008, the Division issued an Order of Assessment of overpaid benefits and penalty in the amount of $6,581.25, which was a combination of the previously determined amount of overpayment and the corresponding penalty. Ireland eventually reached a plea agreement with the Christian County Prosecuting Attorney's office on his criminal charges; and, as a result, on February 5, 2010, Ireland repaid the Division the amount of the overpayment determination ($5,265.00), his criminal case was dismissed, and the criminal record was expunged.

On August 10, 2011, the Division issued a second Order of Assessment of overpaid benefits and penalty, but this time, the assessment reflected Ireland's payment of $5,265.00 and showed a remaining balance of the penalty amount only ($1,316.25). The Order was sent to Ireland by certified mail, and it contained a provision advising Ireland that, if he wished to file a petition for reassessment, he had to do so no later than September 9, 2011, or the assessment would become final. The United States Postal Service attempted to deliver the Order to Ireland on August 15, 2011, and again on August 22, 2011, leaving notices on both occasions for Ireland that he had certified mail to be claimed. Although he received at least one of the notices, Ireland failed to claim his certified mail.[3] The Order was eventually returned to the Division on September 6, 2011. The Division re-sent the Order to Ireland by first-class mail on September 9, 2011.

On September 16, 2011, Ireland filed a Petition for Reassessment and Appeal, challenging the determinations of the overpayment and penalty and the second order of assessment. In his petition, Ireland claimed that he had not received the Order of Assessment until September 15, 2011, six days beyond the deadline to petition for reassessment. Ireland acknowledged receiving the August 22nd notice of unclaimed certified mail, but claimed that he received the notice too late in the day to retrieve the mail. Ireland's petition further claimed that he never received any notification from the Division about the determinations of overpayment and penalty and that he first learned of the allegations when he was charged with a felony due to the overpayment. Ireland claimed to have disputed the allegations "from the beginning," arguing that he "completed forms as [he] was instructed by employees of the Missouri Department of Labor and Industrial Relations, Division of Employment Security." Ireland asserted that the Christian County Prosecuting Attorney was acting as an agent for the Division and that Ireland's payment of $5,265.00 was supposed to "resolve the entire issue ... including any alleged overpayment penalty."

The appeals tribunal for the Division issued three separate decisions: one addressing the appeal of the overpayment determination, one addressing the appeal of the penalty determination, and one addressing the petition for reassessment. As for the overpayment determination, the appeals tribunal found that Ireland failed to file his appeal within thirty days and, in fact, paid the overpayment amount, demonstrating his lack of intent to appeal. As for the penalty determination, the appeals tribunal again found Ireland's appeal untimely insofar as it was filed well over thirty days beyond the time when Ireland

---

**3.** Ireland admitted receiving the August 22nd notice but denied receiving the August 15th notice.

was notified of the determinations. The appeals tribunal noted that, while Ireland did not receive the initial notification, he still made no effort to appeal the determination even after learning of it through his criminal case. And, finally, on the petition for reassessment, the appeals tribunal found that the Division fulfilled all of its notice requirements, but Ireland failed to file a timely petition within thirty days of the assessment.

Ireland applied to the Labor and Industrial Relations Commission for review of the appeals tribunal's decisions. The Commission affirmed and adopted all of the tribunal's decisions. Ireland appeals.

## Standard of Review

■ "In reviewing a decision of the Commission, we examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, that is, whether the award is contrary to the overwhelming weight of the evidence." *Lawrence v. Anheuser Busch Cos., Inc.,* 310 S.W.3d 248, 250 (Mo. App. E.D.2010). "When, as here, the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission." *Id.* "In conducting our review, '[w]e defer to the Commission on issues concerning credibility and weight to be given conflicting evidence.'" *Carver v. Delta Innovative Servs.,* 379 S.W.3d 865, 869 (Mo.App. W.D.2012) (quoting *Bailey v. Phelps Cnty. Reg'l Med. Ctr.,* 328 S.W.3d 770, 773 (Mo.App. S.D.2010)). But we review questions of law *de novo. Id.*

## Analysis

■ Ireland raises a single point on appeal, challenging the decisions of the Division's appeals tribunal as an abuse of discretion and power in that the Christian County Prosecuting Attorney was acting as the Division's agent, and when Ireland agreed to pay the Division $5,265.00, that payment was meant to resolve all the Division's outstanding claims, as well as settle his pending criminal case. Thus, he argues, he no longer owes any payment to the Division, including the penalty amount previously determined and assessed. He makes no challenge to the findings that his appeals and petition for reassessment were untimely. Due to his many briefing deficiencies and violations of Rule 84.04, we dismiss this appeal.

■ The first flaw in Ireland's brief is that he has failed to challenge the basis for the Commission's decision below. " 'This court may not properly address an issue that was not determined by the Commission.' " *Rainey v. SSPS, Inc.,* 259 S.W.3d 603, 606 (Mo.App. W.D.2008) (quoting *Lost in the Fifties, LLC v. Meece,* 71 S.W.3d 273, 280 (Mo.App. S.D.2002)). The only issue before the Commission, and the only issue it decided in adopting the appeals tribunal's rulings, was the timeliness of Ireland's appeals and petition for reassessment under sections 288.160.5 and 288.380.9(2).[4] Consequently, the timeliness of the appeals and petition for reassessment are the only issues we are permitted to review. But Ireland has made no argument regarding the timeliness issues. In fact, his brief wholly fails to

---

4. The appeals tribunal's decisions also discussed the potential existence of "good cause" to excuse Ireland's untimely filing and concluded that no "good cause" existed. While "good cause" can excuse untimely appeals from determinations of claims for unemployment benefits rendered under sections 288.070 and 288.130, there is no corresponding "good cause" provision in sections 288.160 and 288.380, the statutes applicable to the determination and assessment of overpayment of benefits procured by fraud. Thus, it would seem that the appeals tribunal's discussion of "good cause" was irrelevant.

acknowledge that the untimeliness of his appeals and petition were the basis for the appeals tribunal's (and the Commission's) decisions against him.

■ "While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey,* 259 S.W.3d at 606. "Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief." *Id.* This failure, alone, would be sufficient cause to dismiss Ireland's appeal. *See id.; Russell v. LM Servs. Corp.,* 250 S.W.3d 838, 839–40 (Mo. App. E.D.2008); *Chase v. Baumann Prop. Co.,* 169 S.W.3d 891, 892–93 (Mo.App. E.D. 2005); *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004). But his brief violates Rule 84.04 in other significant respects as well.

■ There is not a single citation to either the record or any legal authority anywhere within Ireland's brief. Rule 84.04(i) mandates the use of citations to either the transcript or legal file for every statement of fact and argument. "Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations 'is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record.'" *Rainey,* 259 S.W.3d at 605 (quoting *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D.2008)). Moreover, "[a]n appellant has the obligation to cite appropriate and available precedent or explain why such authority is not available if [ ]he expects to prevail." *Lueker,* 241 S.W.3d at 868. " 'Mere conclusions and the failure to develop an argument with support from legal authori-

ty preserve nothing for review.' " *Hankins v. Reliance Automotive, Inc.,* 312 S.W.3d 491, 495 (Mo.App. E.D.2010) (quoting *Carlisle v. Rainbow Connection, Inc.,* 300 S.W.3d 583, 586 (Mo.App. E.D.2009)).

Ireland's argument further violates Rule 84.04(e) in that it fails to set forth any, much less the applicable, standard of review governing our decision.

Ireland also failed to include an appendix that complies with Rule 84.04(h)(1) insofar as the only document in his appendix is a copy of section 288.210 (governing judicial review of the Commission's decisions); he has failed to include any of the three decisions from which he appeals.

■ "While '[i]t is never this court's preference to dismiss an appeal without reaching the merits,' enforcing compliance with Rule 84.04 'serves several important functions.' " *Rainey,* 259 S.W.3d at 605 (quoting *Waller v. Shippey,* 251 S.W.3d 403, 406–07 (Mo.App. W.D.2008)).

> Among other things, insisting on briefing [that] is at least minimally compliant with the rules assures that the Court does not assume the role of advocate for a party by attempting to develop an appellate argument the party has failed to set forth itself; it also guards against the issuance of precedential decisions on issues [that] were not subject to a full adversarial presentation.

*Id.*

■ "Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules." *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 146 (Mo.App. W.D. 2007). We cannot provide preferential treatment for an appellant appearing *pro se. Id.* And when, as here, "a brief is so defective as to require us and opposing

counsel to hypothesize about the appellant's argument and precedential support for that argument, we cannot reach the merits." *Kimble v. Muth,* 221 S.W.3d 419, 424 (Mo.App. W.D.2006).

## Conclusion

The appeal is dismissed for failure to comply with Rule 84.04.

THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges, concur.