

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| TIM PARKER | ) | No. ED103447 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | 12CG-CC00136 |
| | ) | |
| JIM DUBOIS, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | FILED: May 10, 2016 |

## OPINION

Tim Parker (Parker) appeals from the grant of summary judgment in favor of Jim Dubois (Dubois) on Parker's personal injury suit. Because of significant deficiencies in Parker's appellate brief, under Rule 84.04, we dismiss the appeal without reaching the merits of the trial court's judgment.

### Factual and Procedural Background

Parker worked as a service specialist for Ecolab, Inc. (Ecolab) spraying pesticides from 2003 until March 3, 2009. During that time, Parker had two supervisors: (a) Dubois, from 2003 through 2004, and then again in 2008 to March 3, 2009 and (b) John Kaufmann (Kaufmann), from 2005 through 2007. OSHA laws, rules and regulations required that Ecolab provide a respirator to Parker and that the respirator be fit-tested annually, which consisted of the employee donning the respirator, having a hood placed over him, and

spraying a benign chemical under the hood to determine whether or not the employee could smell, taste or in any way detect the chemical.

Around 2006, when Kauffman was his supervisor, Parker alleges that he began experiencing symptoms of chemical exposure, and that by 2007, he was having symptoms of asthma. In 2007, while acting as Parker's supervisor, Kaufmann called his team, including Parker, into a room and had everyone sign a paper showing that a fit test had been performed despite the fact that Kaufmann did not perform a fit test. Parker alleges that Dubois repeated this action in 2008 when he took over as Parker's supervisor, and then again, on March 2, 2009, had Parker sign paperwork stating that the 2009 fit test had been performed when it had not. Parker also alleges that Dubois threatened to fire him if he said anything about the fit tests being performed. The purported acts of Dubois took place in the course and scope of his employment at Ecolab as he was acting as an agent of Ecolab. On July 28, 2010, Parker filed his original petition in the City of St. Louis[1] alleging co-employee liability based upon the "something more doctrine" solely against Dubois. Parker alleged that during his employment with Ecolab he was supervised by Dubois and Kaufmann. Parker further alleged that he developed asthma after being exposed to pesticides on the job.

Simultaneously, Parker filed a worker's compensation claim against Ecolab arising from the same injuries, and Ecolab initially denied the claim, either in part or in full. In 2011, Parker amended his petition to add Ecolab as a defendant in the civil suit. He amended his petition again to add Kaufmann as a named defendant. Kaufmann moved to dismiss or for judgment on the pleadings based on similar reasons as those set forth in Dubois's summary judgment motion. In response, Parker amended his petition. Ultimately, Parker settled his worker's compensation

---

[1] Because venue was improper in the City of St. Louis, Dubois moved to transfer venue to Cape Girardeau County in January 2011, which was ultimately granted on April 27, 2012.

claim in 2014, and dismissed Kaufmann without prejudice. The remaining action against Dubois is the basis of the current appeal.[2]

On June 29, 2015, Dubois filed his motion for summary judgment arguing that Parker's negligence claim fell within Ecolab's non-delegable duties to provide a safe workplace and safe equipment. The trial court granted Dubois's motion finding there were no genuine issues as to any material fact and that Dubois was entitled to judgment as a matter of law. This appeal follows.

### Discussion

"Rule 84.04 sets forth various requirements for appellate briefs and compliance with these requirements is 'mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" Leonard v. Frisbie, 310 S.W.3d 704, 706 (Mo. App. W.D. 2010) (quoting Brown v. Ameristar Casino Kansas City, Inc., 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)). "'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.'" Id. (quoting Shochet v. Allen, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999)).

First, Parker's jurisdictional statement is deficient. Rule 84.04(b) provides: The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated. Parker's jurisdictional statement merely asserts, "[t]he trial court granted judgment in favor of the appellee, [Dubois], on his Motion for Summary Judgment. The trial court in Cape Girardeau made its judgment final and appealable on all issues." Here, Parker does not set forth sufficient facts to demonstrate the applicability of a

---

[2] Parker amended his petition a total of five times and the current appeal is based on Parker's Sixth Amended Petition.

particular provision of Article V, section 3, whereon the jurisdiction of this court is predicated. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b).

Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." Tavacoli v. Div. of Emp't Sec., 261 S.W.3d 708, 710 (Mo. App. W.D. 2008). Parker's statement of facts does not contain a fair and concise statement of the facts relevant to the questions presented. It instead contains an argumentative recitation that supports his bold assertions and omits relevant facts from the record that support the judgment. As such Parker's statement of facts does not meet the requirements of Rule 84.04(c) and does not fulfill the purpose of the statement of facts. Parker's statement of facts therefore fails to preserve his claims for appellate review. Snyder v. Snyder, 142 S.W.3d 780, 782 (Mo. App. E.D. 2004).

Next, Parker's points relied on fail to comply with the requirement of Rule 84.04(d)(1) in that Parker has failed to comply with the format provided for by the rule. As a result, his point relied on consists of vague legal conclusions without a clear proclamation as to how the trial court erred in granting summary judgment. Furthermore, Parker's argument is defective. The legal arguments he attempts to make fail to make a connection between the law he cites and how those legal principles interact with the facts of the case to render the trial court's judgment erroneous. The "argument should demonstrate how principles of law and the facts of the case interact." Scott v. Potter Elec. Signal Co., 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). "A contention that is not supported with argument beyond conclusions is considered abandoned." State v. Bell, 266 S.W.3d 287, 290 (Mo. App. E.D. 2008). Also, Parker does not include a

concise statement of the applicable standard of review for his claim, as required by Rule 84.04(e), and has omitted the point relied on.

Finally, Parker makes factual assertions without any reference to the record. Specifically, Parker makes general reference to "threats" being made against him but at no point throughout his argument does he cite to the record on appeal to support the "threats" he is referring to. Rule 84.04(i) provides that the statement of facts and argument shall have specific page references to the legal file. An argument that violates Rule 84.04(i) wholly fails to preserve any error for review. Speer v. K And B Leather Co., 150 S.W.3d 387, 389 (Mo. App. S.D. 2004). Here, Parker's citations do not specify the document to which the "threats" belong, and do not even match the legal file.

Occasionally, non-compliant briefs of appellants are reviewed ex gratia. Tavacoli, 261 S.W.3d at 708. While the preference is to decide an appeal on the merits, where a brief is so defective as to require the appellate court and opposing counsel to hypothesize about the appellant's argument and precedential support for it, the merits cannot be reached. Rainey v. SSPS, Inc., 259 S.W.3d 603, 605 (Mo. App. W.D. 2008). To address the merits of this appeal, this Court would have to become an advocate for Parker by searching the record for the relevant facts of the case, speculating about the possible claims of error, and crafting a legal argument on his behalf. This we cannot do.

## Conclusion

Accordingly, the appeal is dismissed.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.