

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| WILLIAM FERGUSON, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **WD85295** |
| | ) | |
| | ) | **OPINION FILED:** |
| DIVISION OF EMPLOYMENT | ) | **October 25, 2022** |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Four:** Gary D. Witt, Chief Judge, Presiding, and
Mark D. Pfeiffer and Cynthia L. Martin, Judges

Mr. William Ferguson appeals from the Decision of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Appeals Tribunal, which dismissed his appeal of the determination of the Division of Employment Security ("Division") as untimely without good cause. In Mr. Ferguson's appellate briefing, he does not contest the Commission's finding that there was no good cause for his failure to timely file his administrative appeal below; instead, he seeks to use his appeal to this Court as another opportunity to contest the substantive basis for the Division's conclusion that he had left his work voluntarily. Mr. Ferguson's appellate briefing to this Court does not contain a Point Relied On, an Argument section, and does not cite

any precedent or other legal authority whatsoever. Thus, Mr. Ferguson's appeal fails to comply with Rule 84.04 in any meaningful manner, and we have no choice but to dismiss the appeal.

## Factual and Procedural Background[1]

On March 6, 2020, Mr. Ferguson left his employment with Lowe's. On October 6, 2020, a deputy with the Division made the determination that Mr. Ferguson was ineligible for unemployment benefits for the period beginning on April 19, 2020, since he had left Lowe's voluntarily. On that same date, a notice of the Division's determination was sent to Ferguson. The notice made clear that if Mr. Ferguson believed that the Division was wrong, he was required to file an administrative appeal on or before November 5, **2020**.

*Over a year later*, on November 12, **2021**, Mr. Ferguson filed an administrative appeal. In that document, Mr. Ferguson stated that he had left Lowe's to work at Nebraska Furniture Mart, that he was furloughed from that company in early April without pay due to COVID-19 and was not called back to work until Memorial Day of 2020. He gave no reason explaining why his appeal was filed over a year past his administrative appeal deadline. On December 22, 2021, a referee for the Appeals Tribunal mailed Mr. Ferguson its finding that since Mr. Ferguson had failed to appeal the Division's ruling within the thirty-day time limit, the Division's determination became final on November 5, 2020, and his appeal was dismissed as untimely. In the Appeals Tribunal ruling sent to Ferguson, there was a section devoted to Mr. Ferguson's appeal rights; in that section, it stated that he had a right to request a hearing on the issue of timeliness and the merits of his case. It noted that the signed, written request for reassessment "should include the reason why the original appeal was not filed timely."

---

[1] "[I]n unemployment benefit cases, we do not view the facts in the light most favorable to the Commission's decision; instead, we view the evidence objectively. However, on matters of witness credibility, we will defer to the Commission's determinations." *Piloski v. Div. of Emp. Sec.*, 503 S.W.3d 253, 256 n.1 (Mo. App. W.D. 2016) (internal quotation marks omitted).

On December 30, 2021, Mr. Ferguson filed a petition for reassessment. In that letter, he begins, "First off, let me apologize for not taking care of this in a timely manner. I did not realize the gravity of the situation and let it fall through the cracks." He did not provide any further reason for his belated administrative appeal.[2] On February 22, 2022, the Commission affirmed the Order of the Appeals Tribunal dismissing Mr. Ferguson's appeal because it was not timely filed. The Commission's order states that "Claimant's allegations, if true, will not support a finding that good cause exists to extend the time for filing the appeal. As such, claimant has not made a prima facie showing that claimant is entitled to relief." This appeal follows.

**Appeal Dismissed**

The Missouri Supreme Court has recently cautioned that "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, 648 S.W.3d 721, 728-29 (Mo. banc 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, J., dissenting)). Where a party has been warned of briefing deficiencies and persists in repeating the same errors, we should not "act as an advocate for [the appellant] to overcome these problems." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 509 (Mo. banc 2022).

---

[2] Even were we to evaluate the only issue that Mr. Ferguson could appeal—the Commission's determination that no "good cause exists to extend the time for filing the appeal" *over a year past the administrative appeal deadline*, Mr. Ferguson's appeal would fail. "To establish 'good cause,' [Mr. Ferguson] must show that he acted in good faith and reasonably under all the circumstances." *Westbrook v. Div. of Emp. Sec.*, 456 S.W.3d 116, 119 (Mo. App. W.D. 2015) (internal quotation marks omitted). In *Westbrook*, we pointed to numerous other Missouri case precedent in which a claimant had not established good cause by showing he misplaced the Division's ruling or failed to comprehend the determination by the Division or failed to understand that the ruling was final. *Id.* at 119-20. Here, Mr. Ferguson's statement below that his administrative appeal was not timely filed because he "did not understand the gravity of the situation and let it fall through the cracks" is clearly not grounds for concluding that "good cause" existed to excuse his untimely administrative appeal below.

Here, upon the filing of Mr. Ferguson's first appellant's brief, he received notification from the Court that his original Appellant's Brief was struck for numerous violations of Rule 84.04, the most pertinent of which are:

- The brief lacks Points Relied On in compliance with the specific requirements of Rule 84.04(d) and necessarily because there are no Points Relied On, they do not include a list of cases or other authority upon which that party principally relies, as required by Rule 84.04(d)(5).

- The point relied on is not restated at the beginning of the section of the argument discussing that point, the argument does not include a concise statement of the applicable standard of review for each claim of error, the argument does not include a concise statement describing whether the error was preserved for appellate review and if so, how it was preserved, and the argument section lacks specific page references to the legal file or transcript, all in violation of Rule 84.04(e).

Though there were numerous other briefing deficiencies noted in the order striking the Appellant's Brief, the subsequently filed Amended Appellant's Brief continues to lack any discussion whatsoever about how the Commission erred in its conclusion that no good cause existed to explain the untimely filing of Mr. Ferguson's appeal below. Mr. Ferguson's Amended Appellant's Brief does not contain a Point Relied On, does not contain any Argument section, does not cite to any case precedent or other legal authority, and frankly, fails to even mention any explanation or argument whatsoever about the only issue that could be raised in the present appeal—the issue of good cause excusing the untimely filing of his administrative appeal below. Simply put, Mr. Ferguson's appellate briefing deficiencies are of such magnitude that he has not preserved any issue for appeal before this Court.

Mr. Ferguson appeals *pro se*. "We hold *pro se* appellants to the same procedural rules as attorneys; we do not grant them preferential treatment regarding compliance with those rules." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become

advocates by speculating on facts and on arguments that have not been made." *Id*. (internal quotation marks omitted). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Id*. (internal quotation marks omitted). "This is particularly true where, as here, we cannot competently rule on the merits of [the appellant's] argument without first reconstructing the facts . . . and then refining and supplementing [his] points and legal argument." *Id*. (internal quotation marks omitted).

Both "Point Relied On" and "Argument" sections are essential to appellate review of a case. "While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Ireland v. Div. of Emp. Sec.*, 390 S.W.3d 895, 900 (Mo. App. W.D. 2013). "Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief." *Id.* The failure to identify in any way how the Commission erred in finding that Mr. Ferguson's appeal was not timely leaves us with no argument to review.

As we noted above, we are aware that Mr. Ferguson is proceeding *pro se* and understand that attempting to navigate the appeals process is not easy. "Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo. App. W.D. 2007). "We cannot provide preferential treatment for an appellant appearing *pro se*. And when, as here, a brief is so defective as to require us and opposing counsel to hypothesize about the appellant's argument and precedential support for that

argument, we cannot reach the merits." *Ireland*, 390 S.W.3d at 900-01 (citation omitted) (internal quotation marks omitted).

Given Mr. Ferguson's repeated failure to comply with Rule 84.04, we are compelled to dismiss his appeal.

## Conclusion

Due to numerous and persistent appellate briefing deficiencies in violation of Rule 84.04, Mr. Ferguson's appeal is dismissed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Gary D. Witt, Chief Judge, and Cynthia L. Martin, Judge, concur.