**Sharon LAWRENCE, Appellant,**

**v.**

**ANHEUSER BUSCH COMPANIES, INC., Respondent.**

**No. ED 93731.**

Missouri Court of Appeals, Eastern District, Division Two.

April 27, 2010.

Jeffrey S. Damerall, St. Louis, MO, for Appellant.

Todd D. Hilliker, Juan F. Arias, St. Louis, MO, for Respondent.

**ROBERT G. DOWD, JR., Judge.**

Sharon Lawrence ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission"). Claimant asserts the Commission erred in denying her claim for workers' compensation benefits and finding her claim for tinnitus was barred by the statute of limitations. We reverse and remand.

On August 24, 2005, Claimant filed a claim for workers' compensation benefits alleging she suffered hearing loss and tinnitus arising out of and in the course of her employment with Anheuser Busch, Inc. ("Employer"). Claimant worked for Employer from January of 1979 until she retired in November of 2004. Claimant's last date of work with Employer was February 17 or 18 of 2004. Claimant worked in various offices in the Bevo Building, which contained the bottling plant and some offices. During her time working in the Bevo Building, Claimant was exposed to varying noise levels ranging from a three out of a ten to a ten out of a ten. While working in the Bevo Building in the late 1970s and early 1980s in an office with a noise level of a ten out of a ten to a nine and a half out of a ten, Claimant noticed a change in her hearing. Claimant noticed that she was going home every night with a headache and would have ringing in her ears. Claimant did not know what the ringing in her ears was from, and then read several articles about tinnitus. Claimant was eventually moved to a quieter office with a noise level of a three out of a ten in 1984.

Claimant was diagnosed with hearing loss and tinnitus resulting from occupational noise exposure while working for Employer on April 25, 2006 by Dr. Sheldon Davis.

The Administrative Law Judge ("the ALJ") found Claimant's claim of industrial hearing loss and tinnitus was barred by the statute of limitations, and denied Claimant's claim for workers' compensation benefits. Claimant filed an application of review with the Commission. The Commission affirmed and adopted the decision of the ALJ and denied Claimant

workers' compensation benefits. This appeal follows.[1]

In her sole point, Claimant asserts the Commission erred in denying her claim for workers' compensation benefits and finding her claim for tinnitus was barred by the statute of limitations. Claimant contends her claim was not time barred because her occupational disease of tinnitus was not reasonably discoverable prior to the filing of her claim.

When a workers' compensation claim is appealed, we review only questions of law. Section 287.495, RSMo 2000.[2] We can modify, reverse, remand for rehearing, or set aside awards based on factual determinations only on the grounds prescribed by statute; that is, if the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence to support the award. *Id.*

In reviewing a decision of the Commission, we examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, that is, whether the award is contrary to the overwhelming weight of the evidence. *Cardwell v. Treasurer of State of Missouri*, 249 S.W.3d 902, 906 (Mo.App. E.D.2008)(*citing Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003)). To determine whether the award is supported by competent and substantial evidence, we examine the evidence in the context of the whole rec-

ord. *Cardwell*, 249 S.W.3d at 906. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence. *Id.* In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ. *Id.* When, as here, the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Id.*

Section 287.430 sets the time for the filing of a claim for workers' compensation benefits. Section 287.430 provides, in pertinent part:

no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.

Section 287.063.3 sets forth when the statute of limitations begins running for a claim for an occupational disease. Section 287.063.3 provides:

[t]he statute of limitation referred to in section 287.430 shall not begin to run in cases of occupational disease until it becomes reasonably discoverable and ap-

---

1. In its brief, Employer asserts this court does not have jurisdiction over this appeal because Claimant filed her brief out of time without an accompanying motion to file a brief out of time. Claimant has corrected this and properly filed a motion to file a brief out of time that was granted by this court. Employer also argues we should dismiss Claimant's appeal because she failed to include a case in-

formation form as required by Rule 81.08(a) and local Eastern District Rule 300(c). Claimant's failure to include a case information form does not require dismissal of this appeal.

2. All further statutory references are to RSMo 2000.

parent that an injury has been sustained related to such exposure, except that in cases of loss of hearing due to industrial noise said limitation shall not begin to run until the employee is eligible to file a claim as hereinafter provided in section 287.197.

Section 287.197.7 sets forth when the statute of limitations begins running for a claim for occupational deafness. Section 287.197.7 provides:

[n]o claim for compensation for occupational deafness may be filed until six months' separation from the type of noisy work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, and the last day of such period of separation from the type of noisy work shall be the date of disability.

Here, Claimant filed a claim for workers' compensation benefits alleging she suffered hearing loss and tinnitus from occupational noise exposure while working for Employer. The Commission found Claimant's claim for hearing loss and tinnitus was barred by the statute of limitations set forth in Section 287.197 because Claimant was last exposed to significant noise exposure in late 1984. The Commission then found this last significant noise exposure was followed by a "separation from the type of noisy work" sufficient to trigger the six month separation period pursuant to Section 287.197.7. Accordingly, the Commission held Claimant's claim for hearing loss and tinnitus as a result of occupational noise was filed well past the three year period following the statutorily determined "date of disability" pursuant to Section 287.197.7.

On appeal, Claimant has withdrawn her claim for hearing loss to focus on her disability of tinnitus and argues the provisions of Section 287.197.7 do not apply to her claim for tinnitus, but rather her claim for tinnitus is controlled by Section 287.430.3.[3]

■■ Tinnitus is a compensable occupational disease that is separate and distinct from occupational deafness. *Poehlein v. Trans World Airlines, Inc.*, 891 S.W.2d 505, 506–07 (Mo.App. E.D.1994)(overruled on other grounds by *Hampton*, 121 S.W.3d at 228). The statute of limitations for occupational disease claims does not begin to run until the disease is reasonably discoverable and connected to employment. Section 287.063.3; *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 416 (Mo.App. W.D.1988)(overruled on other grounds by *Hampton*, 121 S.W.3d at 230).

■ Here, Claimant's tinnitus is an occupational disease separate from hearing loss and is controlled by Sections 287.063.3 not by Section 287.197.7 because Section 287.197.7 only applies to occupational deafness. Pursuant to Section 287.063.3, the statute of limitations did not begin to run on Claimant's claim of tinnitus until it became reasonably discoverable and apparent that her tinnitus was related to the noise exposure while working for Employer.

Claimant contends her tinnitus was not reasonably discoverable until it was medically diagnosed and related to her employment by Dr. Davis. Claimant relies on

---

**3.** Employer asserts that by withdrawing her hearing loss claim and proceeding on her claim for tinnitus, Claimant would be violating the "nonseparability rule" set forth in *Wheeler v. Missouri P.R. Co.*, 328 Mo. 888, 42 S.W.2d 579 (1931) and cited in *DeRousse v. PPG Industries, Inc.*, 598 S.W.2d 106, 118 n. 4 (Mo. banc 1980). Employer's reliance on *Wheeler* is misplaced.

*Sellers* to support her contention. The court in *Sellers* stated:

> The standard for beginning the running of the statute of limitations, as developed in the cases, requires (1) a disability or injury, (2) that is compensable. Compensability, as noted, turns on establishing a direct causal connection between the disease or injury and the conditions under when the work is performed. Logically, an employee cannot be expected and certainly cannot be required to institute claim until he has reliable information that his condition is the result of his employment. Just as logically, given that there must be competent and substantial evidence of this link, the claimant is entitled to rely on a physician's diagnosis of his condition rather than his own impressions.

*Sellers*, 752 S.W.2d at 416. In *Sellers*, the court reversed and remanded the Commission's denial of worker's compensation benefits for a claim of an occupational disease based on the statute of limitations. *Id.* at 415–417. The court found the claimant's claim was not untimely because he was entitled to rely on a subsequent physician's diagnosis and advice not to continue in his employment rather than on his impressions soon after the symptoms first appeared. *Id.* The court held that it was "at [that] point that it became reasonably discoverable and apparent from medical advice that the disease had produced a compensable disability and the statute of limitations started its run." *Id.* at 417. Likewise, here, Claimant asserts the statute of limitations did not start to run until she was medically diagnosed with tinnitus and her condition was related to her noise exposure while working for Employer.

Employer, on the other hand, asserts that even considering tinnitus under Section 287.063.3, the statute of limitations expired on Claimant's claim for tinnitus because her tinnitus was reasonably apparent in the 1980s. Employer relies on Claimant's statement that she read several articles at the time she began having ringing in her ears and figured out that she had tinnitus.

■ The question as to when a compensable injury becomes reasonably discoverable and apparent is a question of fact to be determined by the Commission. *Rupard v. Kiesendahl*, 114 S.W.3d 389, 394 (Mo.App. W.D.2003)(overruled on other grounds by *Hampton*, 121 S.W.3d at 224); *Wiele v. National Super Markets, Inc.*, 948 S.W.2d 142, 146 (Mo.App. E.D.1997)(overruled on other grounds by *Hampton*, 121 S.W.3d at 226). Here, the Commission did not make a factual finding as to when Claimant's tinnitus was reasonably discoverable pursuant to Section 287.063.3. Thus, we remand to the Commission for a determination of when Claimant's tinnitus was reasonable discoverable and, after making that determination, whether Claimant's claim for tinnitus was timely. If the Commission determines Claimant's claim for tinnitus was timely, it shall subsequently determine whether Claimant is entitled to worker's compensation benefits for her tinnitus.

Reversed and remanded.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.