

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| PHILLIP GUINN, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35694 |
| | ) | |
| TREASURER OF THE STATE OF | ) | **Filed: June 20, 2019** |
| MISSOURI AS CUSTODIAN OF THE | ) | |
| SECOND INJURY FUND, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## REVERSED AND REMANDED

Phillip Guinn ("Guinn") appeals from a final award entered by the Labor and Industrial Relations Commission (the "Commission"), denying his claim for benefits from the Second Injury Fund (the "Fund") for hearing loss and tinnitus. Guinn claimed that he suffered hearing loss and tinnitus as a result of his exposure to industrial noise while working at Solo Cup Company ("Solo Cup"). The Commission denied compensation because it found that both his claims were barred by the statute of limitations. Guinn contends that the statute of limitations does not bar his claims. For the reasons that follow, this Court reverses and remands.

## Factual and Procedural Background

Guinn, born in December 1949, began work at Solo Cup in 1987, where he was exposed to harmful industrial noise over a prolonged period of time.[1] As a result of this exposure he sustained a disability in the form of hearing loss. There was an "excessive noise level" in the area where Guinn worked. By 1993, Guinn's hearing tests performed at Solo Cup's direction "began to show a threshold shift." By 2005, he had a "calculated hearing impairment" of 15.0 for the left ear and 17.5 for the right ear. Guinn also experienced "ringing in his ears possibly as early as 1987-1989." This ringing in his ears continued at the same level through the time of the hearing before the Administrative Law Judge (ALJ) in 2017. Around March 1, 2006, Guinn left his job at Solo Cup.

On January 17, 2013, Guinn filed his claim against Solo Cup, alleging hearing loss and tinnitus. On May 22, 2013, Dr. P. Brent Koprivica conducted an independent medical examination, where he opined that Guinn's hearing loss was caused by occupational exposure at Solo Cup. He also opined that Guinn had tinnitus related to work exposure at Solo Cup. On April 11, 2014, Guinn settled his claim against Solo Cup. On May 7, 2014, Guinn filed his claim against the Fund for the occupational diseases of hearing loss and tinnitus.[2]

In January, 2017, a hearing was held before the ALJ, who rendered its award in favor of Guinn. The Fund appealed this decision, and the Commission reversed the ALJ's decision in a split 2-1 decision. In its Findings of Fact, the Commission found, contrary to the ALJ's decision, that it was "reasonably discoverable and apparent to

---

[1] The facts of this case are taken from the Commission's final award.
[2] Guinn was first diagnosed in 2003 with Parkinson's disease. The purpose of the Second Injury Fund is to encourage employers to employ people who already have a preexisting injury and are disabled, without regard to the type or cause of the injury. *Winingear v. Treasurer of State–Custodian 2nd Injury Fund*, 474 S.W.3d 203, 207 (Mo. App. W.D. 2015).

[Guinn] that he had sustained an injury related to his occupational exposure on January 17, 2013[,]" the date that Guinn filed his claim against Solo Cup. The Commission found that on January 17, 2013, the statute of limitations for claims against the Fund began to run. Accordingly, Guinn's claims for hearing loss and tinnitus were "barred unless [they were] filed either within one year of January 17, 2013, or two years from the date of injury, whichever is later." The Commission used March 1, 2006 as the relevant date of injury under § 287.430[3] as it was "identified by [Guinn] in his claim and used throughout this proceeding[.]" The Commission found that since Guinn did not file his claim against the Fund until May 7, 2014, it was time-barred because May 7, 2014 was over a year after January 17, 2013 and more than two years after March 1, 2006.

In a footnote, the Commission acknowledged the provisions of § 287.197.7 and "Division rule 8 CSR 50-5.060(8)" that relate to claims for occupational deafness. The Commission determined that:

> Because we conclude that [Guinn]'s claim against the Second Injury Fund alleging both tinnitus and hearing loss was, in any event, untimely filed pursuant to § 287.430, we need not consider or determine herein whether those authorities should be read to require us to impose an earlier two-year statute of limitations running [from] the "date of disability" (here, April 1, 2006), or alternatively whether those authorities describe an independent tolling mechanism modified by the "reasonably discoverable and apparent" test set forth under § 287.063.3.[4]

---

[3] Unless otherwise specified, all further references to statutes are to RSMo Cum. Supp. (2006).
[4] One Commissioner dissented. The dissent stated that § 287.430 is modified in cases of occupational disease by § 287.063.3. That is, in cases of occupational disease, the two-year statute of limitations runs "**not** from the date of injury, but from the date the injury was reasonably discoverable and apparent" (emphasis in original). Because the majority of the Commission used the date of January 17, 2013 as the date from which "it was reasonably discoverable and apparent to [Guinn] that he had suffered the occupational injuries of tinnitus and hearing loss[,]" this premise leads to the conclusion that the "two-year statute of limitations under § 287.430 for filing a claim against the Second Injury Fund runs from [January 17, 2013], not the date of last exposure on March 1, 2006." Therefore, Guinn's claim against the Fund, filed on May 7, 2014, was timely.

## Standard of Review

Appeals of the Commission's decision are governed by the Missouri Constitution and § 287.495. "On appeal, this Court reviews the Commission's decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" *Johme v. St. John's Mercy Healthcare*, 366 S.W.3d 504, 509 (Mo. banc 2012) (quoting Mo. Const. Art. V, § 18). *See also Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003). On appeal, this Court:

> may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1)  [t]hat the [C]ommission acted without or in excess of its powers;
>
> (2)  [t]hat the award was procured by fraud;
>
> (3)  [t]hat the facts found by the [C]ommission do not support the award; [or]
>
> (4)  [t]hat there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1, RSMo (2000).

Accordingly, "[w]e defer to the Commission's findings as to weight and credibility of testimony and are bound by its factual determinations." *Patterson v. Cent. Freight Lines*, 452 S.W.3d 759, 764 (Mo. App. E.D. 2015). "However, this court reviews questions of law independently and is not bound by the Commission's conclusions of law or its application of the law to the facts." *Id.* In reviewing a decision of the Commission, this Court reviews the "findings of the Commission and not those of the ALJ." *Lawrence v. Anheuser Busch Cos.*, 310 S.W.3d 248, 250 (Mo. App. E.D. 2010). This Court "will not substitute our judgment on issues of fact where the Commission acts within its powers, even if we would arrive at a different initial conclusion." *Cook v. Missouri Highway and Transp. Comm'n*, 500 S.W.3d 917,

923 (Mo. App. S.D. 2016).  Questions of law are reviewed *de novo*.  **Id.**  The findings of

ultimate facts that are reached through the application of rules of law, not by natural

reasoning based on the facts alone, are conclusions of law and are reviewable for either

misstatement or misapplication.  **McGhee v. W.R. Grace & Co.**, 312 S.W.3d 447, 451

(Mo. App. S.D. 2010).  The hearing loss and tinnitus claims must be independently

evaluated because they are separate compensable injuries.  **Kersey v. Autry Morlan,**

**Inc.**, 388 S.W.3d 644, 649 n.6 (Mo. App. S.D. 2013).

## Loss of Hearing

The first issue we address is the Commission's determination that Guinn's claim

for hearing loss was barred by the statute of limitations.  The analysis of a statute of

limitations defense involving a claim against the Fund begins with § 287.430, which

provides, in relevant part:

> **Except for a claim for recovery filed against the second**
> **injury fund,** no proceedings for compensation under this chapter
> shall be maintained unless a claim therefor is filed with the division
> within two years after the date of injury or death, or the last
> payment made under this chapter on account of the injury or death.
>
> . . .
>
> *A claim against the second injury fund shall be filed*
> *within two years after the date of the injury or within*
> *one year after a claim is filed against an employer or*
> *insurer pursuant to this chapter, whichever is later*. . . .

§ 287.430 (emphasis added).  The relevant inquiry is:  what was the date of injury for

Guinn's occupational disease of hearing loss?[5]

When an employee is injured by a distinct event that occurs at a particular point

in time, determining the date of injury is straightforward.  *See McGhee*, 312 S.W.3d at

---

[5] There is no dispute that Guinn's Second Injury Fund claim, filed May 7, 2014, was filed over one year after his claim was filed against his employer, Solo Cup.

455. That is not true of an occupational disease, by which an employee is injured through a process that occurs gradually over time. *See **id**.* For this reason, the statute of limitations set forth in § 287.430 is modified when an occupational disease is involved.

A Chapter 287 occupational disease is defined as "an identifiable disease arising with or without human fault out of and in the course of the employment." § 287.067.1. The description of occupational disease in § 287.067 explicitly includes a category for hearing loss due to industrial noise:

> **"Loss of hearing due to industrial noise"** is recognized as an occupational disease for purposes of this chapter and is hereby defined to be a loss of hearing in one or both ears due to prolonged exposure to harmful noise in employment. **"Harmful noise"** means sound capable of producing occupational deafness.

§ 287.067.4 (emphasis in original). When a claim of occupational disease is involved, the "date of injury" language in § 287.430 is modified in the following fashion:

> The statute of limitation referred to in section 287.430 shall not begin to run in cases of occupational disease until it becomes reasonably discoverable and apparent that an injury has been sustained related to such exposure, except that in cases of loss of hearing due to industrial noise said limitation shall not begin to run until the employee is eligible to file a claim as hereinafter provided in section 287.197.

§ 287.063.3. We are required to strictly construe this language. § 287.800.1. Therefore, this Court is not authorized to add words to, subtract words from, or ignore the plain meaning of words chosen by the legislature. *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018). Because loss of hearing due to industrial noise is an occupational disease, the statute of limitations on Guinn's hearing loss claim did not begin to run until it was reasonably discoverable and apparent to Guinn that he had sustained an injury related to noise exposure. The Commission made a factual finding that this occurred on January 17, 2013. Therefore, the Commission

6

misapplied the law by using March 1, 2006 as the date of injury and by deciding that Guinn's hearing loss claim was barred by the statute of limitations.

Our decision on this legal issue is not at odds with the additional language in § 287.063.3 stating that, "except that in cases of loss of hearing due to industrial noise said limitation shall not begin to run until the employee is eligible to file a claim as hereinafter provided in section 287.197." § 287.063.3. A review of the relevant case law and statutes convinces us that this dependent clause was intended to delay, rather than accelerate, the time when the statute of limitations begins to run on an occupational hearing loss claim.

The first case in Missouri to recognize hearing loss as an occupational disease was *Marie v. Standard Steel Works*, 319 S.W.2d 871 (Mo. banc 1959). There, the employer had opted to include occupational disease within its workers' compensation coverage. *Id.* at 875. Our Supreme Court concluded that noise-induced hearing loss constituted a compensable injury as the result of an occupational disease. *Id.* at 879. With respect to whether the employee's hearing loss claim was barred by the statute of limitations in § 287.430, the Court held that this claim was not reasonably discoverable until audiometric tests were conducted approximately 11 months before the claim was filed. *Id.* at 880; *see also Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 416 (Mo. App. W.D. 1988) (noting that an employee cannot be required to file a claim until he has "reliable information that his condition is the result of his employment" and "the claimant is entitled to rely on a physician's diagnosis of his condition rather than his own impressions") (overruled on other grounds by *Hampton*, 121 S.W.3d at 230).

Although *Marie* recognized that noise-induced hearing loss was a compensable occupational disease, there was no specific statutory guidance for determining whether

7

hearing loss was work-related or how to determine a disability rating.  ***Thatcher v. Trans World Airlines***, 69 S.W.3d 533, 537 (Mo. App. W.D. 2002).  Accordingly, the legislature "enacted legislation specifically recognizing work induced hearing [loss] as compensable and setting forth a detailed method for determining the various issues presented by such claims. . . . These enactments are now numbered as §§ 287.067 and 287.197." ***Id.***  As noted above, § 287.067.4 explicitly lists loss of hearing due to industrial noise as an occupational disease, and § 287.197 describes the audiometric testing used to determine whether hearing loss is work-related and the disability schedule for such occupational deafness.

Prior to 2005, § 287.197.7 provided that:

> [n]o claim for compensation for occupational deafness may be filed until after six months' separation from the type of noisy work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, and the last day of such period of separation from the type of noisy work shall be the date of disability.

§ 287.197.7.[6]  The purpose of this limitation is simple:  "[t]his section is intended to prevent employees claiming occupational hearing loss from making a claim too early because the perceived hearing disability might be healing or improving during a six-month recovery period.  This waiting period allows time to determine whether a hearing loss is temporary or permanent." ***Jones v. GST Steel Co.***, 272 S.W.3d 511, 516 (Mo. App. W.D. 2009).  Thus, the additional language in § 287.063.3 must be read with this purpose in mind.  As noted above, § 287.063 states:

> The statute of limitation referred to in section 287.430 shall not begin to run in cases of occupational disease until it becomes reasonably discoverable and apparent that an injury has been sustained related to such exposure, *except that in cases of loss of hearing due to industrial*

---

[6] This time frame was shortened to one month in 2005.

> *noise said limitation shall not begin to run until the employee is eligible to file a claim as hereinafter provided in section 287.197.*

***Id.*** (emphasis added). If it is reasonably discoverable and apparent to the employee that he or she has the occupational disease of noise-induced hearing loss, the italicized language means that the running of the statute of limitations is delayed until the employee has been separated from harmful noise for at least one month because the employee is not yet eligible to file a claim as provided in § 287.197. This language does not accelerate the commencement of the running of the statute of limitations to a point in time before it is reasonably discoverable and apparent to the employee that he/she has an occupational disease related to such exposure.[7] Guinn's first point is granted.

### *Tinnitus*

Tinnitus is treated as other occupational diseases, and the statute of limitations analysis depends on the application of § 287.063.3's language that:

> The statute of limitation referred to in section 287.430 shall not begin to run in cases of occupational disease ***until it becomes reasonably discoverable and apparent that an injury has been sustained related to such exposure****. . . .*

§ 287.063.3 (emphasis added). Thus, § 287.430's statute of limitations for purposes of occupational disease must be applied through the lens of the "reasonably discoverable and apparent" language of § 287.063.3. *See **Lawrence**,* 310 S.W.3d. at 252. In this case, the Commission made a specific finding of fact that Guinn's tinnitus was reasonably discoverable and apparent on January 17, 2013. The Commission noted in

---

[7] ***Lawrence v. Anheuser Busch Companies, Inc.****,* 310 S.W.3d 248 (Mo. App. E.D. 2010), suggests that § 287.197 alone determines when the statute of limitations begins to run for occupational deafness. That incorrect statement was dicta because the claimant had withdrawn her claim for hearing loss on appeal. ***Id.*** at 251; *see also **Byrne & Jones Enters. v. Monroe City R-1 Sch. Dist.****,* 493 S.W.3d 847, 855 (Mo. banc 2016) ("[T]he authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to a decision"; language addressing circumstances beyond the facts of the case is non-binding dicta).

its conclusions of law that "[t]he determination of when an occupational disease becomes reasonably discoverable and apparent to an employee is a factual one."

This factual determination made by the Commission dictates when the statute of limitations for purposes of Guinn's tinnitus claim began to run: January 17, 2013. The Commission erred when it determined that March 1, 2006 was the date of injury for Guinn's tinnitus claim and, at the same time, determined that January 17, 2013 was when it became "reasonably discoverable and apparent" to Guinn that he had suffered a work-related injury. *See Lawrence*, 310 S.W.3d at 251 ("Pursuant to Section 287.063.3, the statute of limitations did not begin to run on Claimant's claim of tinnitus until it became reasonably discoverable and apparent that her tinnitus was related to the noise exposure while working for Employer."). Since the Commission held that January 17, 2013 was the date it was "reasonably discoverable and apparent" to Guinn that he had sustained an injury related to his occupational exposure, this date became the "date of injury" under § 287.430. It follows that he had two years from this date to file a claim against the Fund, and therefore his claim filed on May 7, 2014 was timely.

The Fund argues § 287.063.3 (which outlines when the statute of limitations begins to run for occupational diseases) simply does not apply to claims made against the Fund. Specifically, the Fund's position is that "[t]here is no provision for filing a claim against the Fund within two years of the date the occupational disease is reasonably discoverable." We reject this interpretation as it would require reading an exception into § 287.063 that is not specifically stated. *Cf. McGhee*, 312 S.W.3d at 455 (observing that when no exceptions are made to a statute's terms, exceptions will not be made by implication or construction). Moreover, this Court on one other occasion has implicitly applied the two-year statute of limitations to occupational disease claims

10

made against the Fund. *See* ***Lorenz v. Sweetheart Cup Co.***, 60 S.W.3d 677, 685 (Mo. App. S.D. 2001).[8]

The Fund also takes the position that Guinn's claim provided March 2006 as his "date of injury, or occupational disease" and cites to the filing of his original claim against Solo Cup. The Commission also concluded that because "[t]he date of injury identified by employee in his claim and used throughout this proceeding is March 1, 2006[,]" it is the relevant "'date of injury' for purposes of §287.430." This conclusion is erroneous because the Commission must make a factual determination as to when an occupational disease becomes "reasonably discoverable and apparent" to Guinn under § 287.063.3. ***Lawrence***, 310 S.W.3d at 252 ("The question as to when a compensable injury becomes reasonably discoverable and apparent is a question of fact to be determined by the Commission."). Courts analyzing this issue have made an independent inquiry of the facts of the case. *See e.g.,* ***Sellers***, 752 S.W.2d at 417 (noting that the statute of limitations for claimant's occupational disease began to run "when a medical doctor told the employee not to go back to work") (overruled on other grounds by ***Hampton***, 121 S.W.3d at 230); ***Cook***, 500 S.W.3d at 926 (holding that "the Commission did not misapply § 287.063.3 by relying on the medical diagnoses . . . to determine that Claimant's two claims were not barred by the statute of limitations.").

Because we have deferred to the Commission's finding that January 17, 2013 is the applicable date of injury for Guinn's occupational disease of tinnitus, and thus that

---

[8] In ***Lorenz***, the claimant's aggravated mental health problem "became reasonably apparent and discoverable" when diagnosed in May 1997, after her three original occupational disease claims were filed in 1993 and 1995. ***Id.*** at 679, 685. The Fund argued that the claimant's attempted amendment to her claim was made after the statute of limitations in § 287.430. ***Id.*** at 683-84. This Court found no error in permitting the claimant's amended claim as it was made "within two years of May 28, 1997, ***the date the statute of limitations began to run***." ***Id.*** at 685 (emphasis added). The Court noted that the Commission adopted the ALJ's finding that the "statute of limitations in occupational disease cases was applicable." ***Id.*** at n.5.

his claim against the Fund was timely filed, we do not need to address Guinn's Point 2: that his injury was not "reasonably discoverable and apparent" prior to May 22, 2013 (the date he received his medical evaluation from Dr. Koprivica).

To summarize, we conclude that the Commission's factual finding—that it was "reasonably discoverable and apparent" to Guinn as of January 17, 2013 that he had suffered the occupational disease of tinnitus based on his exposure while employed at Solo Cup—leads to the conclusion that the two-year statute of limitations for claims against the Fund began to run on that date. As a result, his claim filed on May 7, 2014 was within two years from this date and was timely. Guinn's second point is granted.

The Commission's decision concerning Guinn's hearing loss and tinnitus claims is reversed and remanded back to the Commission for further proceedings consistent with this decision.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J. – CONCURS